McIlvaine, J.
The foregoing statement of the case does not purport to set out all the testimony ; but the undisputed facts stated, together with the testimony in respect to the mat ter of the deposit of the order by the .plaintiff below with Kinney & Co., should liaye controlled the verdict of the jury ; and we think, if the jury had been properly charged, there can scarcely be a doubt, but that the verdict would have been for the defendant below.
*505 It seems to us, that the court of common pleas attached too much importance to the fact that the order was delivered by the plaintiff below, to the bank, without indorsement, or, in other words, that the legal title to the paper did not pass to the bank. If the bank acquired an equitable title only to the order, the county treasurer was justified in redeeming it, in the manner it was redeemed, as fully as though the order had been indorsed by plaintiff at the time of its delivery. The true test, by which the issue between the parties should have been determined, was, did the plaintiff, when he left the order with the bank, intend to look to the bank for his pay ? The sole question is one of intention; not of form. That the bank assumed to pay the amount of the order to the plaintiff within two or three days, upon presentation of plaintiff’s checks, cannot be questioned, and we think it is scarcely susceptible of a doubt, that the order was delivered to the bank, in consideration of that undertaking of the bank. Hence, the court should have given in charge the following request:
“ If, when the order in. controversy was presented to W. Kinney & Co., said firm said it was all right, but they were hard up, and if it would answer him not to cheek on them for a day or two for the amount, they would take the order, and thereupon the oi'der was delivered by plaintiff to W. Kinney & Co., but without indorsement, with the understanding that he was to be credited on his deposit account with the amount thereof, with the right to check on it in a day or two, and the same was so deposited, and on the day following W. Kinney & Go. presented it to defendant for payment, and he in good faith paid the same to the satisfaction of W. Kinney & Co. in full, and cancelled the same, plaintiff, under the circumstances named, so far parted with ownership of said order that he could not, after such payment, demand of defendant the return of said order, and upon his refusal to return it, maintain an action against him for its unlawful conversion.”
The court did charge the jury, .however, that “ if the plaintiff passed over to W. Kinney & Co., the custody of the order in question, without indorsing the same, upon the promise of ■ said firm to credit his account upon their books *506 with the amount thereof, an'd with the further promise also, that they would in a few days thereafter, pay to him upon his check, the amount of the same in money, and said credit was given, but said money was not paid, and in three days thereafter said firm failed aud suspended payment, the plaintiff would be entitled to recover in this action, notwithstanding , the fact that the said firm on the next day presented said order to the defendant, and- he then gave them credit to tlio amount of said order upon their indebtedness to the county.”
The case intended to be put to the jury in this proposition, we suppose, was, that if it were the intention of the parties, that the ownership of the order should remain in the plaintiff until his clerks were actually paid, and such payments were never made, the plaintiff might recover. The proposition, thus interpreted, was abstract, unless supported by the mere fact that the order was passed over without indorsement, which fact alone, we think, under the circumstances, would not support the proposition. On the other hand, we think the proposition as given would more likely, be understood by the jury as the converse of the rejected request by defendant above stated, and which ought, as above held, have been given in charge.
Judgments reversed, c&o.